IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-203-BO

| | |
|---|---|
| KEITH VINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This case comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 24, 2018 at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to Titles II and XVI of the Social Security Act. Plaintiff alleged disability began on September 28, 2013. His date last insured was September 30, 2017. Plaintiff protectively filed his application on January 16, 2014. After initial denials, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling on May 6, 2016. This decision became the final decision when the Appeals Council denied plaintiff's subsequent request for review. Plaintiff then timely sought review of the Acting Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the application date and that he was insured for Title II benefits through September 30, 2017. Plaintiff's residual effects of a benign brain tumor removal, residual effects of a right foot fracture, right eye photophobia, right ear total hearing loss, headaches, and depression were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that claimant had the RFC to perform light work with certain limitations, including very little to no fingering or feeling with his right upper extremity. He was also limited to non-production pace work. At step four the ALJ determined that claimant could not perform his past relevant work as an auto mechanic or tow truck driver, but, given claimant's RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform, including inspector, garment sorter and remnant sorter.

The ALJ's decision is not supported by substantial evidence. Claimant has limited functionality with his dominant hand and is unable to write. To address this, the ALJ restricted his RFC to little or no fingering or feeling with his right hand. The ALJ then heard testimony from a vocational expert ("VE"), who testified inspector, garment sorter and remnant sorter could be performed by someone with claimant's limitations. [Tr. 86.]. The DOT, however, is inconsistent with the VE testimony. The jobs in question, for example, include writing and tying knots, which claimant cannot do. *See* DOT §§ 539.382-0101; 789.687-146; 222.687-014.

When there is an unresolved conflict between the DOT and the information provided by the VE, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's opinion to support a determination. SSR 00-4p. "The ALJ has not fulfilled his affirmative duty merely because the [VE] responds 'yes' when asked if her testimony is consistent with the [DOT]." *Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015) (internal quotation marks omitted).

The Court finds that the ALJ did not fulfill that affirmative duty, as the Commissioner's own briefing demonstrates. [DE 17 at 24]. (Limiting a discussion of the DOT descriptions to whether they "specifically address the isolation of dextrous movement of either lower or upper extremity.") (internal quotation marks omitted).

Accordingly, the ALJ failed to carry the burden to show that there is a significant number of jobs that claimant can perform. *See Pass v. Chater*, 65 F.3d 1200, 1205 (4th Cir. 1995). Because of this, remand is needed to make that determination.

"If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional

4

investigation or explanation.'" *Radford v. Colvin,* 734 F.3d 288, 295 (4th Cir. 2013) (citing *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion for judgment on the pleadings [DE 16] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 29 day of May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE